[726 NYS2d 125]

In the Matter of Tɪɴᴀ Fᴜᴏᴄᴏ (Admitted as Tɪɴᴀ Aɴɴ Fᴜᴏᴄᴏ), a Suspended Attorney, Respondent. Gʀɪᴇᴠᴀɴᴄᴇ Cᴏᴍᴍɪᴛᴛᴇᴇ ғᴏʀ ᴛʜᴇ Sᴇᴄᴏɴᴅ ᴀɴᴅ Eʟᴇᴠᴇɴᴛʜ Jᴜᴅɪᴄɪᴀʟ Dɪsᴛʀɪᴄᴛs, Petitioner.

Second Department, June 4, 2001

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Robert A. Unger, P. C.,* Garden City (*Louis Gerstman* of counsel), for the respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. The Special Referee sustained both charges after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate under the circumstances. The respondent has joined in the motion to confirm and requests that the Court refer the matter back to the Grievance Committee for the imposition of an appropriate sanction, or, in the alternative, to limit any discipline to a censure and to reinstate her forthwith.

Charge One alleges that the respondent failed to properly maintain her attorney registration, in violation of Judiciary Law § 468-a (2), 22 NYCRR 118.1 (b) and Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]). As an attorney admitted to practice law in New York State since 1991, the respondent is required to file, on a biennial basis, a registration statement with the Office of Court Administration (hereinafter the OCA) and to pay a registration fee.

From approximately 1995 through the time of the petition, the respondent failed to re-register with the OCA.

Charge Two alleges that the respondent failed to cooperate with a legitimate inquiry of the Grievance Committee, in violation of 22 NYCRR 691.4 and Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

On January 22, 1998, the Grievance Committee sent the respondent a letter by certified mail, return receipt requested, and regular mail, informing her that she was the subject of a *sua sponte* investigation based upon her failure to re-register with the OCA. The petitioner requested that the respondent re-register forthwith and submit proof of compliance, along

with a written explanation of her failure to timely re-register, within 30 days. The respondent did not answer the letter dated January 22, 1998, and did not request an extension of time in which to do so.

On April 8, 1998, the Grievance Committee sent the respondent a follow-up letter, via certified and regular mail, including a request that she re-register and submit proof of compliance and a written explanation within 10 days. The respondent failed to comply.

Another letter was sent to the respondent on or about July 8, 1998, directing that she re-register and submit proof of compliance and a written explanation within 10 days. The respondent failed to do so.

On December 14, 1998, the petitioner sent the respondent another letter making identical directives. The respondent failed to comply.

On or about May 20, 1999, the petitioner issued the respondent an Admonition based upon her failure to re-register with the OCA and her failure to cooperate with the petitioner's investigation. Although the admonition directed the respondent to re-register and to present proof of her compliance within 90 days, she failed to do so.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained both charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's explanation that a number of personal problems had arisen and that she had just put aside the matter of her registration and the requests for her cooperation. The respondent testified that these personal problems affected her emotionally, physically, and financially, and limited her time in the office. Among the situations the respondent had to deal with were the sudden death of a close cousin, the mental illness of another cousin who turned to her for help, a serious accident suffered by her mother which occasioned a number of surgeries, and the respondent's assumption of the role of caretaker for her grandparents.

Subsequent to her interim suspension, the respondent was evaluated by Eileen Travis, a certified social worker with the New York City Lawyer Assistance Program of the Association of the Bar of the City of New York. Ms. Travis indicated that the respondent recognizes that her actions were self-defeating

and she is determined not to repeat such behavior. She has had a number of sessions with Allen A. DuMont, a certified social worker, in an attempt to gain an understanding of her actions.

After five sessions with the respondent, Mr. DuMont found no reason why the respondent should not be reinstated. He described her as highly conscientious in helping her clients and uncovered no evidence that would pose a threat to her clients' interests.

The respondent has no prior disciplinary history.

Under the totality of circumstances, the respondent is reinstated to the practice of law and is publicly censured for her professional misconduct.

BRACKEN, P. J., RITTER, ALTMAN, KRAUSMAN and H. MILLER, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law and is hereby censured for her professional misconduct.